LOUIS KIRSCH, PROSECUTOR-RESPONDENT, v. MANUEL DIAS ET AL., DEFENDANTS-APPELLANTS.

Submitted May 2, 1939—Decided August 15, 1939.

Before BROGAN, CHIEF JUSTICE, and Justices DONGES and PORTER.

For the appellants, *Ira J. Kalchen.*

For the respondent, *Samuel L. Epstein* and *Harry Edelson.*

The opinion of the court was delivered by

DONGES, J. Prosecutor-respondent was sued in the Small Cause Court, holden by a justice of the peace in the borough of Monmouth Beach, in the county of Monmouth, and had judgment rendered against him in the sum of $13.40 damages and $6.90 costs. He entered a special appearance therein and challenged the jurisdiction of the court on the ground that the defendant was a resident of Neptune township, which is within the jurisdiction of the District Court for the First Judicial District of Monmouth county (*Pamph. L.* 1913, *p.* 36; *R. S.* 2:8-4), and that service was made upon him in said township of Neptune. The justice of the peace was a resident of and held his court in the borough of Monmouth Beach, which is within the jurisdiction of the District Court for the Second Judicial District of Monmouth county. *Pamph. L.* 1913, *p.* 67; *R. S.* 2:8-4.

After judgment, *certiorari* was allowed by Judge Palmer, sitting in the Monmouth County Circuit Court, to review the proceedings. *R. S.* 2:33-131, 135; *Dufford* v. *Decue,* 31 *N. J. L.* 302.

Judge Palmer concluded that the justice was without jurisdiction to entertain the case, relying upon *Kealing* v. *Phillips,* 16 *N. J. Mis. R.* 335; 199 *Atl. Rep.* 721.

This appeal raises the question of the constitutionality of *Pamph. L.* 1921, *p.* 689, now *R. S.* 2:8-47, which was an amendment of section 31 of the District Court act, which section originally provided that no justice of the peace should have jurisdiction over any cause cognizable before a District Court where the defendant or the justice resided within any city or judicial district where a District Court was established. The amendment provided that, in judicial districts in counties bordering on the Atlantic ocean, a justice of the peace or Small Cause Court shall have jurisdiction in every such District Court district "in every suit of a civil nature where the debt, balance, damages or other matter in dispute does not exceed, exclusive of costs, the sum of fifty dollars as if there were no judicial district in said county."

It is urged that the provision in question violates article IV, section VII, paragraph 11 of the constitution, which provides: "The Legislature shall not pass private, local or special laws in any of the following enumerated cases, that is to say: Regulating the internal affairs of towns and counties, appointing local offices or commissions to regulate municipal affairs."

In *Central Railroad Co.* v. *State Board of Assessors,* 48 *N. J. L.* 1, Chief Justice Beasley, speaking for this court, said:

"This discrimination between general and special statutes, as applied to a subject-matter of this kind, is not a new thing to this court. It has long been a recognized doctrine with us, forming the basis of many decisions. When the case of Parsons *v.* Van Riper was first before the court, the matter was carefully considered. The inquiry in that instance was with respect to the effect of that provision of the amended constitution which forbids the legislature to pass private, local or special laws regulating the internal affairs of towns

or counties, and the distinction, in view of that provision, between general and special legislation, was expressed in these words: 'Interdicted local and special laws are those that rest on a false or deficient classification. Their vice is that they do not embrace all of the class to which they are naturally related; they create preferences and establish inequalities; they apply to persons, things or places possessed of certain qualities or situations, and exclude from their effect other persons, things or places that are not dissimilar in these respects.' "

Depue, speaking for the Court of Errors and Appeals, said:

"The courts, in a series of cases too numerous to be cited, have given to this constitutional provision a fixed construction. In the first case in which this provision came before the court, a general law, as contradistinguished from a special or local law within the meaning of the constitution, was defined to be a law that embraced a class of subjects or places and did not omit any subject or place naturally belonging to such a class. *Van Riper* v. *Parsons,* 11 *Vr.* 1.

"The test of the generality of a law adopted is that it shall embrace all and exclude none whose conditions and wants render such legislation equally appropriate to them as a class. * * * The question whether any particular statute is local or special must be determined not upon its compliance with a legislative classification, but upon whether, having regard to the character of the legislation and the limitation upon it contained in the act, the statute is or is not a general law as defined by the courts."

In *Clark* v. *Cape May,* 50 *Id.* 558, it was held that a proviso to an act of the legislature that it "shall not apply in and to cities commonly known as seaside and summer resorts," was held to be within the constitutional prohibition against local and special laws regulating the internal affairs of towns and counties.

Likewise, *Board of Tenement House Supervision* v. *Mittelman,* 104 *Id.* 486, where an act created two classes of tenement houses, one in cities bordering on the Atlantic ocean, and one in cities elsewhere in the state, it was held to be special legislation, contravening the constitutional provision

against such legislation, citing cases in support of the conclusion reached.

Tested by the principle laid down in these and other adjudications by our courts, it is clear that the provision relied on to confer jurisdiction on the Small Cause Court in the act now questioned as a basis for classification, is merely a specification, and that the law is not general, but is local and special.

The judgment is affirmed, with costs.